## *In re* Hovey, Iams & Co., Bankrupts.*

*(District Court, S. D. Ohio.  January, 1881.)*

1. BANKRUPTCY— FINAL DIVIDEND— REV. ST. § 5092. — Upon the final settlement of a bankrupt's estate, it appeared that two dividends, amounting to 27 per cent., had been declared, and that at the time each was made a sum was retained under section 5092, Rev. St., "sufficient for all undetermined claims, which, by reason of the distant residence of creditors, etc., had not been proved," etc.; that afterwards a third dividend of 10 per cent. was declared upon claims that had not participated in the first and second dividends; that some claims that had been proven before the first and second dividends did not share therein, although there was then sufficient funds to have paid upon them also a 27 per cent. dividend; and that no fund was specially reserved for their payment; and that the funds remaining were not sufficient to pay upon such claims, and claims since proved, a dividend equal to 27 per cent. *Held*, that the funds remaining should be distributed as follows: *First*, costs and expenses; *second*, 10 per cent. to creditors that have received no dividend; *third*, 17 per cent. to those who have received, and shall, under this order, receive 10 per cent.; and, if the fund is insufficient to pay 17 per cent., then it is to be distributed to them *pro rata.*

In Bankruptcy.  Exceptions to Register's Report.

*W. L. Cole*, for exceptions.

*Ewart, Sibley & Ewart, contra.*

SWING, D. J.   This cause is brought before this court upon the report of the register, ordering a final dividend.

From the report of the register it appears that three dividends have been declared prior to his present order.  The first was August 4, 1875, of 20 per cent. upon certain specified claims.  The second, December 28, 1875, was first upon all claims proved since the first dividend, a dividend of 20 per cent., and then a dividend of 7 per cent. upon claims upon which a first dividend was paid, and those also upon which a second dividend was declared, making a dividend of 27 per cent. upon claims proved up to the second meeting. The third dividend was declared August 20, 1877, of 10 per cent., upon debts which had then been proved and presented

*Reported by Florien Giauque and J. C. Harper, of the Cincinnati bar.

to the register, and which had not shared in the first and second dividends.

It appears from the report of the register that some of the debts now presented were in fact proved before the first and second dividends were declared, but were not included in the dividend lists. Nor was there any finding by him at that time why they were excluded from dividends, nor is there any special reservation by him of any fund for payment.

It further appears that, after the payment of the first dividend declared, there remained in the hands of the assignee enough of the funds of the estate to have paid to all the creditors who had then proved their debts, but received no dividends, a dividend equal to that declared and paid to others; and so with the second and third dividends.

It further appears that at each one of those meetings an entry was made by the register in the general terms of the statute: "After deducting and retaining a sum sufficient for all undetermined claims, which, by reason of the distant residence of the creditors, or for other satisfactory reasons, have not been proved, and for other expenses and contingencies," the dividend was ordered. This reservation the 5092d section of the Revised Statutes requires shall be made before a dividend shall be declared. These entries are general; they do not apply to any particular claims. The proof does not disclose the distance of residence of the several creditors, or the reason which prevented the earlier proof by them of their claims.

The register's report shows that there are not sufficient funds in the hands of the assignee to pay all the creditors who have not received 27 per cent., that amount of dividend. The report of the register directs the assignee to distribute the funds—*First*, to the payment of costs and expenses; *second,* to the payment of a dividend of 27 per cent. to those creditors whose claims were proved before the second dividend of December 28, 1875, and who have received no dividend; *third,* a dividend of 17 per cent. to those creditors who had then (December 28, 1878) proved their claims, and who have

since received a dividend of 10 per cent. upon those claims proved after the second dividend, and which have had no dividend; *fourth*, the balance remaining, *pro rata*, among those creditors who have received no more than 10 per cent.

To this order of distribution certain creditors excepted, and the question is certified to this court for decision.

"In the disposition of property among creditors equality is equity. It was the genius and purpose of the statute to secure this result as far as possible." *Bank* v. *Sherman*, 101 U. S. 406. Applying this principle to this case, the funds in the hands of the assignee should be distributed—*First*, to the payment of the costs; *second*, to those who have received no dividend, 10 per cent.; *third*, to those who received and have received 10 per cent., 17 per cent., to make them equal to those who have received 27 per cent.; *fourth*, the residue, if any, *pro rata* among all the creditors.

There is nothing in the orders of the register, at the times the several dividends were declared, which prevents such distributions. The reservations were not for any particular creditor, but for all such undetermined claims as by reason of the distant residence of the creditor, or for other sufficient reason, had not been proved. For aught that appears in this case, all the claims now presented, and upon which no dividends have been paid, may not have been proved for the very reasons set forth in the statute. It cannot, therefore, be claimed that this reservation shall enure to the benefit of such of the creditors who had in fact proved their claims at the date of the former distributions; for it is expressly for those *who had not proved their claims.* It is said, however, that inasmuch as some of them had proved their claims at the dates of the distributions, that a dividend should have then been ordered to be paid upon them. This may have been so; but this was not done, and we cannot now make such an order; for certainly they have acquired no right in the fund, by their having first proved their claims, which would justify us in creating such an inequality by requiring them to be first paid. Section 5097 provides: "No dividend already declared shall be disturbed by reason of debts being subsequently

proved, but the creditors proving such debts shall be entitled to a dividend equal to those already received by the other creditors before any further payment is made to the latter."

An order will therefore be made in accordance with this opinion, directing the assignee to pay—*First*, the costs and expenses; *second*, to pay 10 per cent. to those creditors who have received no dividends; *third*, to those who have and shall receive under this order 10 per cent., 17 per cent., to make them equal with those who received 27 per cent. If there should not be sufficient funds in his hands to pay the 17 per cent., then the fund to be paid to them *pro rata;* and if a greater sum, then the balance to be paid *pro rata* to all the creditors.